L. A. JAMES AND WALTER JAMES v. WESTERN CAROLINA
POWER COMPANY.

(Filed 11 December, 1929.)

APPEAL by defendant from *Lyon, Emergency Judge,* at July Special
Term, 1929, of BURKE. No error.

*Avery & Patton for plaintiffs.*
*W. S. O'B. Robinson, John M. Mull, S. J. Ervin and S. J. Ervin, Jr.,*
*for defendant.*

PER CURIAM. In their complaint, the plaintiffs allege that they are
the owners of a tract of land in Burke County containing 60½ acres,
more or less, and that a small stream or natural water course flows
through several acres of the lowlands and runs into Upper Creek, and
that Upper Creek empties into Catawba River. They allege that the
defendant in 1925 constructed a dam across Catawba River and has
since operated a hydro-electric plant for the purpose of manufacturing
and selling electricity; that in consequence of the construction of the
dam the water has been ponded upon the land of the plaintiffs, which
has thereby been permanently injured. They demand judgment against
the defendant for actual and permanent damages done to their premises
and for such other relief as they may be entitled to. The defendant
filed an answer denying the material allegations of the complaint and
alleged that it is authorized by its charter to construct and maintain a
dam or dams upon Catawba River. It pleaded the right of eminent
domain under the laws of the State, requested that plaintiff's damages,
if any, be permanently assessed, and demanded that upon payment of
such damages it be given the right, privilege and easement to continue
the maintenance and operation of its plant as it is now located and
constructed.

The court submitted the following issue: "What permanent damages,
if any, are the plaintiffs entitled to recover of the defendant for and on
account of the construction, maintenance and operation of the dam of
the defendant at Rhodhiss?" The issue was answered in favor of the
plaintiffs and their damages were assessed. Judgment was rendered
upon the verdict for the amount of their recovery and it was adjudged
that satisfaction of the judgment should transfer, convey to, and vest
in the defendant, its successors and assigns, the right, privilege, and
easement to continue the maintenance and operation of its dam and
plant at or near Rhodhiss as now located and constructed. To the judg-
ment awarded the defendant excepted and appealed therefrom to the
Supreme Court.

We have considered the exceptions argued orally and in the appellant's brief and have concluded that they do not present any sufficient ground for granting a new trial. Several of the exceptions were abandoned on the argument and we are of opinion that those which were relied upon do not, in view of the defendant's answer, the charge to the jury, the verdict, and the judgment, entitle the defendant to another hearing. We find